**James J. GRADY, Plaintiff,**

**v.**

**BUNZL PACKAGING SUPPLY CO., et al., Defendants.**

**No. 1:93–CV–2513–RHH.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 12, 1994.

Timothy Lanier Spruell, Spruell & Dubuc, Atlanta, GA, for plaintiff.

Robert G. Brazier, Gambrell & Stolz, Atlanta, GA, Peter Channer Johnson, St. Louis, MO, Bryan F. Dorsey, Atlanta, GA, for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This case is before the Court on: (1) Defendants' Motion for Leave to File Reply Memorandum Out of Time [16–1]; and (2) Defendants' Motion for Summary Judgment [14–1]. The Court has jurisdiction pursuant to 29 U.S.C. § 626. The Court: (1) GRANTS Defendants' Motion for Leave to File Reply Memorandum Out of Time; and (2) GRANTS Defendants' Motion for Summary Judgment.

## BACKGROUND

Plaintiff James J. Grady was employed with Bunzl Packaging Supply Company. Defendant Bunzl Packaging Supply Company is a wholly owned subsidiary of Bunzl plc, and Bunzl USA, Inc. Defendants supply packaging for various products, including food to manufacturers and large food companies. Defendants hired Plaintiff as a Buyer for Bunzl Packaging Supply Company.

Plaintiff alleges that on November 5, 1990, Defendants fired him from their employ because of his age, because of the expense of paying for his wife's medical bills, and in retaliation for his whistleblowing activities. Plaintiff filed this action on November 4, 1993, alleging age discrimination, retaliation, breach of contract, and wrongful death.

On May 31, 1994, this Court granted in part and denied in part Defendants' Motion to Dismiss. Specifically, the Court dismissed Plaintiff's retaliation claim (Count II) and Plaintiff's breach of agreement claim (Count III). Remaining before the Court are Plaintiff's ADEA claim (Count I) and Plaintiff's wrongful death claim (Count IV).

## DISCUSSION

I. *Defendants' Motion for Leave to File Reply Memorandum Out of Time*

■ The Court finds Defendant's Reply Memorandum to be helpful. Thus, the Court GRANTS Defendants' Motion for Leave to File Reply Memorandum Out of Time.

II. *Defendants' Motion for Summary Judgment*

A. *Standard of Review for Summary Judgment Motions*

■ This Court will entertain summary judgment motions "after adequate time for discovery and upon motion," *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), and will grant summary judgment when "there is no genuine issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As a general proposition, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c)). The nature of the movant's responsibility varies, however, depending on which party would bear at trial the burden of proof on the issue in question.

■ When the legal issue as to which the facts in question pertain is one on which the non-movant would bear the burden of proof at trial, the movant must demonstrate that the non-movant lacks evidence to support an essential element of his or her claim on that issue. *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115–16 & n. 2 (11th Cir.1993). The movant need not support its motion with evidence *negating* the non-movant's claim; it "'simply may show[ ]—that is, point[ ] out to the district court—that there is an absence of evidence to support the non-moving party's case.'" *Id.* at 1115–1116 (quoting *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1438 (11th Cir.1991)).[1] "'Al-

1. This showing requires more than a simple statement that the non-moving party cannot meet its burden at trial. *Four Parcels,* 941 F.2d at 1438 n. 19. "Instead, the moving party must point to specific portions of the record in order to demonstrate that the non-moving party cannot meet its burden of proof at trial." *Id. Accord Fitzpatrick,* 2 F.3d at 1116 n. 2 (stating that the Eleventh Circuit, in *Four Parcels,* largely resolved any confusion over "the nature of the showing

ternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case at trial.'" *Id.* at 1116 (quoting *Four Parcels*, 941 F.2d at 1438).

■ When the *movant* would bear the burden of proof at trial, it must demonstrate the absence of an issue of material fact with regard to every element essential to its claim on the legal issue in question. *Id.* at 1115. The movant in this position "'must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial.'" *Id.* (quoting *Four Parcels*, 941 F.2d at 1438).

■ Only after the movant meets its initial burden does any obligation on the part of the non-movant arise. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552–53; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970); *Fitzpatrick*, 2 F.3d at 1116. When the movant would bear the burden of proof at trial, the non-movant must present "evidence sufficient to call into question the inference created by the movant's evidence on the particular material fact." *Fitzpatrick*, 2 F.3d at 1116. The movant is then entitled to summary judgement only if, based on the combined evidence presented by the two parties, no reasonable jury could find for the non-movant. *Id.*

■ When the non-movant would bear the burden of proof at trial, the manner in which the non-movant may rebut the movant's initial showing depends on the way in which the movant met its initial burden. If the movant put on evidence affirmatively negating the material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." *Id.* If the movant instead demonstrated an absence of evidence on the issue, the non-movant may respond in either of two ways:

required when the movant seeks to discharge [its] initial responsibility" by pointing out an

First, he or she may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence. Second, he or she may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.

*Id.* at 1116–17.

■ All evidence and factual inferences should be viewed in the light most favorable to the non-movant. *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir.1987); *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir.1987). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). An issue is not genuine if it is unsupported by evidence or is created by evidence that is "merely colorable" or "not significantly probative." *Id.* at 250, 106 S.Ct. at 2511. Similarly, a fact is not material unless it is identified by the controlling substantive law as an essential element of the non-movant's case. *Id.* at 248, 106 S.Ct. at 2510.

B. *Application*

1. *Plaintiff's ADEA Claim*

Plaintiff filed his Complaint on November 4, 1993. In his Complaint, Plaintiff alleges that Defendants discharged him from their employ on November 5, 1990. Plaintiff also alleges that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on May 3, 1991, and that he received from the EEOC a right to sue letter in August 1991.

■ Defendants move for summary judgment on Plaintiff's Age Discrimination in

absence of evidence).

Employment Act ("ADEA") claim, arguing that the Civil Rights Act of 1991 (the "Civil Rights Act") bars Plaintiff's suit. The Civil Rights Act imposes a statute of limitations on ADEA claims that provides claimants ninety days to file suit after receiving a right to sue letter. Plaintiff received a right to sue letter in August 1991. Defendants argue that Plaintiff's claim is time barred because Plaintiff failed to file suit within ninety days of the effective date of the Civil Rights Act.

The Portal–to–Portal Pay Act, 29 U.S.C.A. § 255, supplies the limitations period for actions brought pursuant to the ADEA. 29 U.S.C.A. § 626(e). The Portal–to–Portal Pay Act establishes two limitations periods. Generally, a claimant must commence suit within two years after the cause of action accrued. 29 U.S.C.A. § 255(a). If the cause of action arose from a "willful violation," however, the potential claimant may bring suit within three years after the cause of action accrued. *Id.*

The Civil Rights Act of 1991 amended the limitations period established under the Portal–to–Portal Pay Act. 29 U.S.C.A. § 626(e). Under the Civil Rights Act, an ADEA claimant must file suit within ninety days of receiving notice that the EEOC dismissed or otherwise terminated administrative proceedings before the EEOC. 29 U.S.C.A. § 626(e). The Civil Rights Act went into effect on November 21, 1991.

The issue before the Court is which statute of limitations applies to Plaintiff's claim. This is a question of first impression in this Court.

The Eleventh Circuit has addressed the issue of whether to apply the statute of limitations in effect when the claim accrued or the statute of limitations in effect when the action was commenced. *Sarfati v. Wood Holly Assoc.,* 874 F.2d 1523, 1525–26 (11th Cir.1989). The court held that, in two situations, an amended statute of limitations may be applied retroactively to a cause of action that accrued prior to the amendment and is still viable at the effective date of the amendment. *Id.* at 1525. First, the limitations period may be applied retroactively if the statute is "remedial or procedural in nature and not a substantive limitation on a

statutory right." *Id.* Second, the legislature "may clearly manifest an intent to have an amended limitations period apply to existing causes of action." *Id.* Because Congressional intent on the retroactivity of any part of the Act is unclear, *see, e.g., Luddington v. Indiana Bell Tel. Co.,* 966 F.2d 225, 227 (7th Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 1641, 128 L.Ed.2d 362 (1994) (Congress "dumped the [retroactivity] question into the judiciary's lap without guidance"), the limitations period applies retroactively only if the statute is remedial or procedural in nature.

Whether a statute of limitations is procedural or substantive depends on several factors, including whether the statute of limitations appears in the same act as the statutorily created right. *Sarfati,* 874 F.2d at 1525–26. The limitations period must be contained in the same statute or act to be a substantive limit on the right. *Id.* at 1526. If a statutorily created right is in one act and the limitations period is in another act, then the limitations period is not presumed to be an integral part of the right. *Id.* The limitations period is a procedural limit on the remedy, not a substantive limit on the right. *Id.* Courts have held that "an enactment of or amendment to such a limitations period generally would be applied to causes of action that previously accrued but were still viable." *Id.*

Every Circuit that has considered this issue has ruled that 29 U.S.C.A. § 255, incorporated by reference into the ADEA, 29 U.S.C.A. § 626(e), is merely a limitation on the remedy available, not on the right to bring the action. *Hodgson v. Humphries,* 454 F.2d 1279, 1283 (10th Cir.1972); *Ott v. Midland–Ross Corp.,* 523 F.2d 1367, 1370 (6th Cir.1975); *Mumbower v. Callicott,* 526 F.2d 1183, 1187 n. 5 (8th Cir.1975); *accord Lopez v. Rodriguez,* 668 F.2d 1376, 1379 n. 4 (D.C.Cir.1981); *Ford v. Temple Hosp.,* 790 F.2d 342, 348 (3d Cir.1986). Because the statute of limitations is procedural, the new § 626(e) applies to Plaintiff's ADEA claim.

Under the amended Act, the applicable time period states that Plaintiff must bring his claim within ninety days after re-

ceiving notice that the EEOC has dismissed or otherwise terminated administrative proceedings regarding Plaintiff's charge. The EEOC terminated its processing of Plaintiff's case and sent Plaintiff notice thereof in August 1991. Plaintiff filed suit on November 5, 1993, well after the ninety days required by the statute and well after ninety days of the effective date of the Civil Rights Act. Thus, the Court finds that Plaintiff's claim is time barred. The Court, therefore, GRANTS Defendants' Motion for Summary Judgment in regard to Plaintiff's age discrimination claim (Count I).

### 2. *Plaintiff's Wrongful Death Claim*

Plaintiff claims that his wife's death was caused by Defendants' termination action because, upon termination, Plaintiff and his wife lost the benefit of having Defendants pay for their medical needs. Defendants argue that the Employee Retirement Income Security Act of 1974 ("ERISA") pre-empts Plaintiff's state-law claim.

■■■ Careful consideration of the record leads this Court to conclude that Defendants' provision of medical coverage is subject to ERISA.[2] *See Donovan v. Dillingham*, 688 F.2d 1367, 1370–71 (11th Cir.1982) (defining the scope of ERISA's coverage). Plaintiff

---

**2.** Plaintiff does not contest that ERISA covers the denial of payment under Defendants' employee benefits plan. *See* Plaintiff's Memorandum in

alleges that his wife's death was "solely caused, both directly and proximately, by the defendants' refusal to maintain Mrs. Grady on medical insurance." Plaintiff's Complaint, p. 7. To consider Plaintiff's wrongful death claim, the Court must find that Defendants wrongfully withheld benefits under Defendants' employee benefits plan. Because the Court must make reference to Defendants' employee benefits plan, the Court finds that ERISA pre-empts Plaintiff's claim. Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment in regard to Plaintiff's wrongful death claim (Count IV).

### *CONCLUSION*

The Court: (1) GRANTS Defendants' Motion for Leave to File Reply Memorandum Out of Time [16–1]; and (2) GRANTS Defendants' Motion for Summary Judgment [14–1].

So ORDERED.

---

Support of Plaintiff's Response to the Defendants' Motion for Summary Judgment, p. 12.