[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11189
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-22287-JAL


AGNELO GONSALVEZ,
RALPH BARRETO,
ALEX MENEZES,
VIANO RODRIGUEZ,
ALBINO FERNANDNES,
CAETANO M. FERNANDES,
CASTANO DIAS,
PHILIP RODRIGUES,
JOSE BONIFACIO ESTEVES,
PIEDADE CAETANO FERNANDES,
MARCELINO FERNANDES,
ANTONY MARIO LOBO,
ANTONIO PEDRO FERNANDES,
PEDRO RODRIGUEZ,
RAMES CHITNISIS,
UMAKANT CHODANKAR,
ATANASIO MENEZES,
CIRILO SILVEIRA,
REGINALDO PEREIRA,
BRAZIHNO D'SOUZA,
CAETANO P. FERNANDES,

Plaintiffs - Appellants,

versus

CELEBRITY CRUISES INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 25, 2013)

Before CARNES, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

The plaintiffs in this appeal are former stateroom attendants who worked aboard cruise ships operated by the defendant.  The conflict between the parties arose over the plaintiffs' claim that the defendant unlawfully withheld some of their wages in violation of the Seaman's Wage Act, 46 U.S.C. § 10313.  After the plaintiffs demanded arbitration to resolve the dispute, the defendant moved to dismiss the demand because the plaintiffs had not complied with their collective bargaining agreement's grievance procedure, which was a precondition to submitting a dispute for arbitration.  On January 22, 2011, the arbitrator granted the defendant's motion to dismiss.

Unsatisfied with this outcome, the plaintiffs brought suit in federal court on June 19, 2012.  They sought to vacate the arbitration award as contrary to United

States public policy under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (Convention), June 10, 1958, 21 U.S.T. 2517.  The district court dismissed their suit under Fed. R. Civ. P. 12(b)(6) as barred by the statute of limitations.  The plaintiffs now appeal.

I.

We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6).  Ironworkers Local Union 68 v. AstraZeneca Pharm., LP, 634 F.3d 1352, 1359 (11th Cir. 2011).  A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate "if it is apparent from the face of the complaint that the claim is time-barred."  La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (quotation marks omitted).

The parties dispute the applicable statute of limitations for an action to vacate an arbitration award under the Convention.  The Convention does not mention vacatur actions or what the relevant limitations period might be.[1]  It does, however, expressly authorize actions to "confirm" arbitration awards and provides for a three-year statute of limitations for such actions.  9 U.S.C. § 207.  The plaintiffs argue that this three-year limitations period should apply to vacatur actions under the Convention as well.

---

[1] The district court observed that there is conflicting authority on whether the Convention actually authorizes actions to vacate arbitration awards.  Because resolution of that issue is not necessary for the disposition of this appeal, we assume without deciding that the Convention permits such actions.

The Convention also contains a residual clause which provides that Chapter 1 of the Federal Arbitration Act (FAA) applies to actions brought under the Convention, so long as it does not conflict with the Convention or its implementing legislation.  9 U.S.C. § 208.  Under Chapter 1 of the FAA a party may seek to have a court vacate an award up to three months after the award is filed or delivered.  9 U.S.C. §§ 10, 12.  Because the Convention does not expressly provide a statute of limitations for vacatur actions, the defendant argues that this three-month limitations period applies via the residual clause to any such actions brought under the Convention.

We find the defendant's argument persuasive.  The Convention provides for a three-year limitations period only for suits to "confirm" an award.  9 U.S.C. § 207.  It does not state a limitations period for vacatur actions.  As a result, the FAA's three-month limitations period for vacatur actions, which is not in conflict with the Convention, applies through the residual clause.  See 9 U.S.C. § 208.  The plaintiffs' suit to vacate the arbitration award was brought more than a year after that award was entered.  We conclude it was barred by the statute of limitations, and the district court properly dismissed the plaintiffs' claim.

The defendant has requested that we sanction the plaintiffs for pursuing a baseless appeal under our decision in B.L. Harbert International, Inc. v. Hercules Steel Co., 441 F.3d 905 (11th Cir. 2006), abrogated on other grounds by Frazier v.

Citifinancial Corp., 604 F.3d 1313 (11th Cir. 2010).  In Hercules Steel we expressed frustration with "those who attempt to salvage arbitration losses through litigation that has no sound basis in the law applicable to arbitration awards" and stated that we were "ready, willing, and able to consider imposing sanctions in appropriate cases."  414 F.3d at 914.

We conclude that sanctions are not appropriate in this case because the plaintiffs' appeal was not baseless.  At the time the plaintiffs filed their appeal, we had not addressed the appropriate limitations period for vacatur actions under the Convention and there is at least some authority supporting the plaintiffs' position. Cf. Jam. Commodity Trading Co. v. Connell Rice & Sugar Co., No. 87 Civ. 6369 (JMC), 1991 WL 123962, at *2–3 (S.D.N.Y. July 3, 1991) (applying three-year limitations period to motion to vacate arbitration award brought under the Convention in opposition to an action to confirm the award).  The plaintiffs also cited relevant legal precedent to argue on the merits that the Convention's public policy defense should apply on these facts.  See 9 U.S.C. § 207 ("The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."); Convention, art. V(2)(b) (permitting signatory countries to refuse to recognize or enforce foreign arbitration awards if "recognition or enforcement of the award

5

would be contrary to the public policy of that country").  Under these circumstances, we conclude that sanctions are not warranted.

**AFFIRMED.**