[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12325
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00171-MW-CAS


JOHNNY L. CANNON,

Plaintiff - Appellant,


versus


SECRETARY, U.S. DEPARTMENT OF AGRICULTURE,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 16, 2016)

Before MARTIN, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

JILL PRYOR, Circuit Judge:

Plaintiff Johnny Cannon appeals the dismissal of his claim against Thomas Vilsack, Secretary of the United States Department of Agriculture ("USDA"), for a violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691e.  We agree with the district court that Cannon's ECOA claim is time-barred and affirm the district court's dismissal.

I.

This case arises out of subsidies the USDA paid to Cannon.  From 2005 through 2007, Cannon leased a farm, known as Farm 4360, from Thomas Beddard. Cannon applied for subsidy payments through the USDA's Direct and Counter-Cyclical Payments Program.  After the USDA's local Farm Service Agency ("FSA") approved his application, he was paid subsidies.

In 2007, the FSA found that although Cannon enrolled 733.5 acres of land in the Direct and Counter-Cyclical Payments Program, he leased and controlled only 13 acres.  The FSA determined that, contrary to its own records, Beddard did not own all of Farm 4360 and thus Cannon should not have received subsidy payments for the land that Beddard did not own.  The FSA's county office determined that Cannon was not required to refund the overpayments from 2005 and 2006 because he relied on incorrect information maintained by the FSA.  In August 2007, the

2

FSA's state executive director rejected the county office's findings and required Cannon to repay the subsidies he had received for the land that Beddard did not actually own.

Cannon appealed this decision to the USDA's National Appeals Division, which affirmed the state executive director's decision.  Cannon subsequently requested review by the National Appeals Division Director, who ordered him to repay $42,000 he received for land leased, but not owned, by Beddard.

In May 2011, Charlotte Blackburn-Smith, a UDSA employee, told Cannon that he had been the victim of discrimination based on his race during the entire review and appeal process.  In November 2011, Cannon filed a race discrimination complaint with the USDA.

On March 31, 2014, Cannon filed this lawsuit in federal district court against Vilsack.  In his amended complaint, Cannon brought an ECOA claim, alleging that the USDA discriminated against him based on his race throughout the administrative process.[1]  Vilsack moved to dismiss the claim as time-barred.  The district court granted the motion.[2]  This appeal followed.

---

[1] In the first amended complaint, Cannon also asserted claims against a John Doe defendant, the unidentified USDA employee who was responsible for investigating Cannon and representing the USDA's interests, alleging the employee improperly discriminated against him. Because Cannon voluntarily dismissed the claims against John Doe under Federal Rule of Civil Procedure 41(a), they are not before us on appeal.

[2] The district court dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, holding that because ECOA's statute of limitations barred the claim, the United States had not waived its sovereign immunity and the court lacked subject matter

II.

ECOA prohibits discrimination against an applicant for credit based on "race, color, religion, national origin, sex or marital status, or age" and gives aggrieved applicants a private right of action to sue "[a]ny creditor who fails to comply with any requirement imposed under [ECOA]."  15 U.S.C. §§ 1691(a), 1691e(a).  As part of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"), Pub L. No. 111-203 § 1085(7), 124 Stat. 1376, 2085 (2010), Congress extended the statute of limitations period for ECOA claims from two years to five years.  *Compare* 15 U.S.C. § 1691e(f) (2011) (requiring claims to be brought in five years); *with id.* § 1691e(f) (2010) (requiring claims to be brought in two years).  The parties agree that the amended statute of limitations went into effect in July 2011.  Although Cannon's ECOA claim accrued no later

---

jurisdiction.  In the alternative, the district court held that even if ECOA's time bar was not jurisdictional, the ECOA claim was still time-barred and should be dismissed for failure to state a claim.

       We need not decide for purposes of this appeal whether ECOA's time bar is jurisdictional such that a time-barred ECOA claim should be dismissed for lack of subject matter jurisdiction rather than failure to state a claim.  There is no question that, like the district court, we have jurisdiction to consider and apply ECOA's statute of limitations in this case.  Whether ECOA's time bar is a jurisdictional requirement or only an affirmative defense does not impact our analysis here because the parties raise no issue on appeal about whether Vilsack waived the statute of limitations, whether Cannon is entitled to equitable tolling, or who bears the burden of proof.  *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008) (discussing whether time bars are jurisdictional or constitute an affirmative defense).  For our purposes and for the parties' purposes, it makes no difference in this case whether we treat ECOA's time bar as a jurisdictional requirement or an affirmative defense.  Accordingly, we leave this issue for another day.

than May 2011,[3] he waited until March 2014 to sue.  Vilsack asserts that Cannon's claim is time-barred because the two-year statute of limitations, which was in effect when his claim accrued, applies.  But Cannon argues that his claim is not time-barred because the amended five-year statute of limitations, which was in effect when he filed suit, governs.  We agree with Vilsack.

We review *de novo* the district court's grant of Vilsack's motion to dismiss. *See Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013). "[D]ismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred."  *Id.* (internal quotation marks omitted).  Because we conclude that a two year statute of limitations applies, it is apparent from the allegations in the complaint that Cannon's claim is time-barred.

We have previously held that an amended statute of limitations retroactively applies to a cause of action that accrued prior to, but was filed after, the amendment went into effect only when (1) the "limitations statute is remedial or procedural in nature and not a substantive limitation on a statutory right" or (2) the legislature "clearly manifest[ed] an intent to have an amended limitations statute

---

[3] Under ECOA, the limitations period begins to run on "the date of the occurrence of the violation."  15 U.S.C. § 1691e(f).  Vilsack asserts that Cannon's claim accrued on August 13, 2007, when the state executive director ordered him to repay, because this was the first adverse action the USDA took against him.  Cannon asserts that his claim did not accrue until May 2011, when he first learned of the discrimination.  We need not decide precisely when Cannon's claim accrued because even if it did not accrue until May 2011, it was untimely.

5

apply to existing causes of action." *Sarfati v. Wood Holly Assocs.*, 874 F.2d 1523, 1525 (11th Cir. 1989). Applying this test, we hold that ECOA's amended five-year limitations period is not retroactive.

First, we consider whether ECOA's limitations period is a substantive limitation on a statutory right that is neither remedial nor procedural in nature. In *Sarafti*, we explained that "[a] statute of limitations that restricts a right created by a statute rather than a right at common law generally is deemed to be a substantive limit on the right as opposed to a mere procedural limit on the remedy." *Id.* We recognized an exception to this general rule when "a right created by statute is in one act and the limitations period is in another act." *Id.* at 1526. When the private right of action and limitations period are in separate acts, then we presume the limitations period is "not . . . an integral part of the right itself" but "only a procedural limit on the remedy." *Id.*

We conclude that ECOA's limitations period is a substantive limitation that is neither remedial nor procedural in nature. The limitations provision restricts a right of action created by a statute—that is, an aggrieved party's private right of action to sue a creditor under ECOA—not a common law claim. *See* 15 U.S.C. § 1691e(a). Also, the provision creating the private right of action is contained in the same section of the United States Code as the limitations period. *See id.* § 1691e(a), (f). Moreover, both provisions are found in the same act. *See* Act of

6

October 28, 1974, Pub. L. No. 93-495 § 503, 88 Stat. 1500, 1521, 1524 (1974).

Although Congress subsequently extended ECOA's limitations period in the Dodd-Frank Act, *Sarfati* makes clear that when the provisions setting forth the *original* limitations period and creating the cause of action are in the same piece of legislation, we should treat the statute of limitations as substantive. *See Sarfati*, 874 F.2d at 1527. Accordingly, ECOA's amended limitations period does not apply retroactively to claims that accrued before, but were filed after, the amended limitations period's effective date.

Cannon argues that we should treat ECOA's statute of limitations as remedial because ECOA as a whole is remedial in nature. Under Cannon's reasoning, any time Congress amends the limitations period for any private right of action created by statute, the amendment should be retroactive because any statute creating a private right of action is remedial. This argument cannot be squared with *Sarfati*. If Cannon is correct, then in *Sarfati* we would have retroactively applied the amended limitations period because the underlying statute as a whole was remedial; it created a private right of action. Instead, we focused on whether the statute of limitations provision, as opposed to the statute as a whole, was

7

procedural in nature or a substantive limitation on a statutory right.[4]  *See id.* at

1525.

Second, we consider whether Congress clearly manifested an intent to have

ECOA's amended statute of limitations apply to existing causes of action.  We

conclude it did not.  Indeed, Cannon presents no argument and points to no

evidence showing that Congress intended the amendment to apply retroactively.

Instead, Cannon argues that we are not bound by *Sarfati* because we silently

overruled it in *Berman v. Blount Parrish & Co.*, 525 F.3d 1057 (11th Cir. 2008).

As an initial matter, a later "panel cannot overrule a prior one's holding even

though convinced it is wrong" unless the first panel's holding is overruled by our

Court sitting en banc or by the Supreme Court.  *Smith v. GTE Corp.*, 236 F.3d

1292, 1300 n.8 & 1303 (11th Cir. 2001) (internal quotation marks omitted).

Accordingly, to the extent that *Sarfati* and *Berman* conflict, we are bound by

*Sarfati* because it is the earlier case and has not been overruled en banc or by the

Supreme Court.

---

[4] Cannon asserts that the district court in *Grady v. Bunzl Packaging Supply Co.*, 874 F. Supp. 387 (N.D. Ga. 1994), adopted his approach and considered whether a statute as a whole was remedial to determine whether an amendment to a statute of limitations applied retroactively.  Of course, we are not bound by the district court's analysis in *Grady*.  What's more, *Grady* does not actually support Cannon's position.  Although in *Grady* the district court used some ambiguous language when it suggested that whether a limitations period applies retroactively depends on whether "the statute is remedial or procedural in nature," its analysis focused on whether the "statute of limitations is procedural or substantive," not whether the statute as a whole is remedial.  *Id.* at 392.

In any event, we see no conflict between our decisions in *Berman* and *Sarfati*. In *Berman*, we considered whether a statute that extended the limitations period for certain securities claims from three years to five years revived claims that had expired at the time the amendment went into effect. We held that because the plaintiff's claims "had expired before the effective date of the . . . new statute of limitations . . . [,] the district court did not err by dismissing the complaint." *Berman*, 525 F.3d at 1059. *Berman* never addressed whether an amended statute of limitations applied retroactively to a claim that had accrued but not expired at the time the amended statute of limitations went into effect.

At the time Cannon's ECOA claim accrued, he had two years to sue. Although ECOA's limitations period was extended to five years before Cannon filed suit, we hold the extended limitations period does not apply retroactively to Cannon's claims. Because Cannon failed to sue within two years of when his claim accrued, the district court correctly concluded that his claim was barred by the statute of limitations.

V.

Because the statute of limitations bars Cannon's ECOA claim, we affirm the district court's dismissal.

**AFFIRMED.**

9