[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12949

Non-Argument Calendar

_____

JONATHAN DAVIS,

Plaintiff-Appellant,

*versus*

CLERK OF SUPERIOR COURT FOR EFFINGHAM COUNTY,
SHERIFF OF EFFINGHAM COUNTY, GA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:20-cv-00244-RSB-CLR

_____

Before WILSON, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jonathan Davis, proceeding *pro se*, appeals the district court's order dismissing his *pro se* civil complaint under 42 U.S.C. § 1983 against Jason Bragg, in his official capacity as clerk of the Superior Court for Effingham County. The district court found that Davis's claim was barred by the statute of limitations because the claim began to accrue when he was arrested, which was more than two years before he filed his complaint. Davis's complaint also asserted claims against Jimmy McDuffie, in his official capacity as Sheriff of Effingham County, and a state law claim against Bragg. Davis argues that the district court erred in finding that the statute of limitations began to run on the date of his arrest rather than the date of his release because the warrant had no legal effect, as it was *void ab initio*, and as a matter of Georgia law, the claim began to accrue at the time of his release. After reading the parties' briefs and reviewing the record, we affirm the district court's order dismissing Davis's complaint.

I.

We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss, accepting the allegations as true and construing them in the light most favorable to the plaintiff. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate if it is

apparent from the face of the complaint that the claim is time-barred." *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (quotation marks omitted).

We liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). Nonetheless, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An appellant fails to adequately brief a claim when he does not "plainly and prominently raise it." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted); *United States v. Campbell*, 26 F.4th 860, 872-73 (11th Cir. 2022) (*en banc*) (holding that issues not raised in an initial brief are deemed forfeited and will not be addressed absent extraordinary circumstances), *petition for cert. denied*, ___ U.S. ___, 143 S. Ct. 95 (2022).

No person acting under color of state law shall intentionally deprive another of their rights under the Constitution. *See* 42 U.S.C. § 1983; *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). All constitutional claims brought under § 1983, however, are subject to the statute of limitations governing personal injury actions in the state where the § 1983 action was brought. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). In Georgia, the applicable statute of limitations for personal injury actions is two years. O.C.G.A. § 9-3-33; *see also Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."

*Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095 (2007) (emphasis omitted).  The statute of limitations for a civil rights action begins to run from the date that the cause of action accrues, which occurs when "the plaintiff has a complete and present cause of action" and "can file suit and obtain relief."  *Id.* (quotation marks omitted).  Notably, an action accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996) (quotation marks omitted).  A § 1983 cause of action will only accrue once the plaintiff knows or should know (1) that he has suffered an injury that forms the basis of his action and (2) the identity of the person or entity that inflicted the injury.  *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

As an initial matter, Davis abandoned any challenge to his claims against Sheriff McDuffie and his state law claim against Bragg by failing to address the dismissal of those claims on appeal.  In addition, the record demonstrates that the district court did not err in finding that the statute of limitations began to run on the date of Davis's arrest because Davis alleged that he knew that the warrant was invalid when he was arrested.  While Davis argues that the accrual date should be decided by Georgia law, the Supreme Court has held that the accrual date is a question of federal law.  Because Davis filed his complaint outside of the two-year statute of limitations, his claims are barred.  Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing Davis's complaint.

22-12949                Opinion of the Court                5

**AFFIRMED.**