**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-12740

Non-Argument Calendar

————————————————

KEVIN J. DILLARD,

*Plaintiff-Appellant,*

*versus*

TREASURE COAST FORENSIC TREATMENT CENTER
/GEO CARE AND ALL STAFF,

*Defendant-Appellee.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-20932-DPG

————————————————

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Kevin Dillard, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against Treasure Coast

Forensic Treatment Center[1] on the ground that it was barred by Florida's four-year statute of limitations.  The district court found that Dillard's cause of action accrued in 2014 and expired (four years later) in 2018, long before he filed his complaint in 2024.  On appeal, Dillard argues that the district court "overlooked" his timely filing of complaints concerning the same issues in *state* court in 2014, and that tolling should apply to his claims because the state court lacked jurisdiction over his prior complaints and should have transferred them to federal court.  After careful consideration, we affirm the district court's dismissal of his complaint with prejudice.

The facts are known to the parties; we repeat them here only as necessary to decide the case.

"We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6)."  *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013).  "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred."  *Id.*

Section 1983 claims are "subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."  *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); *see Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Florida, the applicable statute of limitations governing personal injury

---

[1] Defendant-appellee clarifies that its proper name is actually Wellpath Recovery Solutions, LLC.  Wellpath operates the Treasure Coast Forensic Treatment Center under an agreement with the Florida Department of Children and Families and employs its staff.

24-12740              Opinion of the Court                    3

actions is four years.  *Baker v. Gulf & W. Indus., Inc.*, 850 F.2d 1480, 1482 (11th Cir. 1988); *see* Fla. Stat. § 95.11(3).

A § 1983 cause of action presumptively accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation modified).  The statute of limitations begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996) (internal quotation marks omitted).

Dillard's cause of action accrued in 2014 when Treasure Coast allegedly held him and medicated him against his will, after a state court found him incompetent during criminal proceedings. We know that he had a "complete and present cause of action," *Wallace*, 549 U.S. at 388, at that time because he filed suit on the same issues in state court in 2014, so "the facts which would support a cause of action [were] apparent" to him then. *Rozar*, 85 F.3d at 561–62.  Accordingly, under Florida's statute of limitations, his claims expired four years later in 2018.  Because it is apparent from the face of his 2024 complaint that it is time-barred, dismissal is appropriate. *See Gonsalvez*, 750 F.3d at 1197.

Though Dillard argues that tolling applies on the ground that the district court "overlooked" his state-court filings in 2014, this argument is unavailing because it doesn't justify his protracted delay for bringing his federal action.  Further, any tolling could not

4                    Opinion of the Court                    24-12740

justify the ten-year gap between the accrual of his claim and the filing of his complaint in federal court.

For these reasons, we hold that the district court didn't err in dismissing Dillard's claims with prejudice.

**AFFIRMED.**