[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14008
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-24291-MGC

JOHN A. JACOBS, JR.,

Plaintiff-Appellant,

versus

EMILIO ESTEFAN,
FRANK AMADEO,
JAIRO MARTINEZ,
AR,
LAURA MEJIA,
JANET DE ARMAS,
ESTEFAN ENTERPRISES, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 26, 2013)

Before DUBINA, MARTIN and FAY, Circuit Judges.

PER CURIAM:

John Jacobs, Jr., proceeding *pro se* and *in forma pauperis*, appeals the dismissal of his breach-of-contract complaint for failure to state a claim upon which relief may be granted.   Jacobs argues that, in 1999, he entered into an implied contract with Estefan Enterprises, Inc. ("Estefan, Inc.").  Estefan, Inc. allegedly breached the contract in 2005 or 2006.   On August 12, 2011, Jacobs filed his complaint against Estefan Inc. for (1) breach of implied contract; (2) promissory estoppel; (3) detrimental reliance; (4) pain and suffering; and (5) out-of-pocket expenses.  On appeal, Jacobs argues the district court erred in concluding the statute of limitations barred his claim, because he tolled the statute of limitations when he filed Consumer Services complaints against the company in 2009 and 2011.

We review a district court's ruling on a Rule 12(b)(6) motion *de novo*.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  The complaint is viewed in the light most favorable to the plaintiff; all of the plaintiff's well-pleaded facts are accepted as true.  *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  *Pro se* complaints are more liberally construed than formal pleadings drafted by lawyers.  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

2

Under Rule 12(b)(6), a complaint is subject to dismissal when its facial allegations show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001). The statute of limitations in Florida for a "legal or equitable action on a contract, obligation, or liability not founded on a written instrument" is four years. Fla. Stat. Ann. § 95.11(3)(k). Florida law provides certain circumstances under which the statute of limitations may be tolled:

(a) Absence from the state of the person to be sued.

(b) Use by the person to be sued of a false name that is unknown to the person entitled to sue so that process cannot be served on the person to be sued.

(c) Concealment in the state of the person to be sued so that process cannot be served on him or her.

(d) The adjudicated incapacity, before the cause of action accrued, of the person entitled to sue. In any event, the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action.

(e) Voluntary payments by the alleged father of the child in paternity actions during the time of the payments.

(f) The payment of any part of the principal or interest of any obligation or liability founded on a written instrument.

(g) The pendency of any arbitral proceeding pertaining to a dispute that is the subject of the action.

(h) The period of an intervening bankruptcy tolls the expiration period of a tax certificate under § 197.482 and any proceeding or process under chapter 197.

(i) The minority or previously adjudicated incapacity of the person entitled to sue during any period of time in which a parent, guardian, or guardian ad litem does not exist, has an interest adverse to the minor or incapacitated person, or is adjudicated to be incapacitated to sue; except with respect to the statute of limitations for a claim for medical malpractice as provided in § 95.11. In any event, the action must be begun within 7 years

3

after the act, event, or occurrence giving rise to the cause of action.

Fla. Stat. Ann. § 95.051.

The district court properly dismissed Jacobs's amended breach-of -contract complaint for failure to state a claim because his action is barred by Florida's statute of limitations. Viewing the allegations in the complaint as true and in the light most favorable to Jacobs, he entered into an implied contract with Estefan, Inc. sometime in 1999. Six-and-a-half years later, at some point in 2005 or 2006, Estefan, Inc. breached the contract. Consequently, Jacobs should have filed his complaint by 2009 or 2010. *See* Fla. Stat. Ann. § 95.11(3)(k). Because he did not file his complaint until August of 2011, the action is barred by the statute of limitations. Further, Jacobs did not allege any facts that would have tolled Florida's statute of limitations. *See* Fla. Stat. Ann. § 95.051.

**AFFIRMED.**

4