[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15732
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-22393-JEM

JOHN J. JACOBS, JR.,

Plaintiff-Appellant,

versus

EMILIO ESTEFAN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 7, 2017)

Before ROSENBAUM, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant John J. Jacobs, Jr., appeals the dismissal of his fourth lawsuit concerning a proposed business project that he presented to Estefan Enterprises, Inc., in 1999. Each of his lawsuits has been a repeat of the prior lawsuit, with minor alterations. Sometimes the lawsuits have alleged different damages or different causes of action, but they have always pertained to the same subject matter and have always named Emilio Estefan, the founder of Estefan Enterprises, as a defendant.

After taking judicial notice of the relevant court filings in the three prior lawsuits, the district court found that the fourth lawsuit is barred by the statute of limitations and the doctrine of collateral estoppel.[1] The district court also prohibited Jacobs from filing future lawsuits related to the same subject matter, with limited exceptions.

On appeal, Jacobs challenges only the statute-of-limitations finding. He argues that the district court erred because the applicable statute-of-limitations period began to run on October 23, 2007, when he received an email from a representative of Estefan Enterprises. Using that date, he concludes that his first lawsuit was timely filed on August 12, 2011. But because Jacobs did not meet the

---

[1] The district court adopted the findings and recommendations of a magistrate judge.

statutory deadline for filing his claims *in this case*, the district court's ruling is now ours, too.[2]

"Statutes of limitations serve important purposes in promoting the fair administration of justice." *Arce v. Garcia*, 434 F.3d 1254, 1260 (11th Cir. 2006). Their primary purpose is to assure fairness to defendants by preventing surprises and minimizing spoliation of evidence. *Id.* Statutes of limitations also relieve the courts of "the burden of trying stale claims when a plaintiff has slept on his rights." *Id.* at 1260–61 (quoting *Burnett v. N.Y. Cent. R. Co.*, 380 U.S. 424, 427 (1965)).

In this case, the district court dismissed Jacobs's complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) upon a motion to dismiss. We review the district court's decision de novo, accepting all of the factual allegations in the complaint as true. *See Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1122 (11th Cir. 2017); *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013). We are also mindful that Jacobs is proceeding pro se, so we liberally construe his complaint. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Under this standard, Jacobs's complaint attempts to allege claims for negligent infliction of emotional distress and libel.

---

[2] Apart from the statute-of-limitations issue, we decline to comment on the district court's other decisions because they are not properly before us. Nor is addressing them necessary to resolve this case.

"A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate 'if it is apparent from the face of the complaint that the claim is time-barred.'" *Gonsalvez*, 750 F.3d at 1197 (quoting *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)). In diversity actions, such as this one, the court must follow the statute of limitations determined by state law. *Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga.*, 720 F.2d 1230, 1232 (11th Cir. 1983). In Florida, a claim of negligence must be brought within four years, Fla. Stat. § 95.11(3)(a), and a claim of libel within two, *id.* § 95.11(4)(g).

Coincidentally, Jacobs's first lawsuit was dismissed on statute-of-limitations grounds as well. In that case, filed August 12, 2011, Jacobs appeared to allege claims for breach of an implied oral contract. Based upon the allegations in the complaint, the district court found that the latest breach of the "implied contract" occurred in 2005, meaning that under the applicable four-year limitations period, Jacobs was required to file his complaint in 2009. *See id.* § 95.11(3)(k). On appeal, we affirmed the district court's ruling, stating that "Jacobs should have filed his complaint by 2009 or 2010," *Jacobs v. Estefan*, 531 F. App'x 1004, 1005 (11th Cir. 2013) (unpublished), *cert. denied*, 134 S. Ct. 2146, *reh'g denied*, 135 S. Ct. 19 (2014).

In the instant case, it is apparent from the face of the complaint that Jacobs's claims, though relabeled as negligence and libel claims, are still time-barred. In

4

his complaint, Jacobs again alleges injury occurring "in 2005." No other dates are referenced in the complaint. In his response to Estefan's motion to dismiss, Jacobs adds that October 23, 2007, is the relevant limitations date. But Jacobs filed his complaint on June 25, 2015—well over four years after his causes of actions accrued using either date. And as in the first lawsuit, he has failed to allege any facts that would toll the statute of limitations. *See* Fla. Stat. § 95.051. So it is clear that Jacobs's claims were filed after the applicable limitations period. *See id.* § 95.11(3)(a), (4)(g).

Although Jacobs appears to raise some form of relation-back argument in an attempt to save his claims, we decline to revisit our earlier decision from the first lawsuit. For statute-of-limitations purposes, the instant claims were commenced by the filing of the instant complaint, not the first complaint filed in a prior lawsuit. In a case premised on diversity jurisdiction, state law governs when, for statute-of-limitation purposes, the action began. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 753 (1980). And under Florida law, "an action is 'commenced' for limitations purposes, when a complaint is filed." *Totura & Co. v. Williams*, 754 So. 2d 671, 679 (Fla. 2000) (quoting *Frew v. Poole & Kent Co.*, 654 So. 2d 272, 275 (Fla. Dist. Ct. App. 1995)); *Szabo v. Essex Chem. Corp.*, 461 So. 2d 128, 129 (Fla. Dist. Ct. App. 1984) ("Since 1955, an action is commenced in Florida by the filing of a complaint."). Finally, even if we were to find that the limitations period

5

was tolled while the prior lawsuits were pending, the filing of the instant complaint would still fall outside the applicable limitations period.  Accordingly, we affirm the district court's dismissal of the complaint with prejudice.

**AFFIRMED.**