[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-15956
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-01173-CV-F-N

M. DANIEL BERMAN,
JOSEPH A. STANLEY, JR.,
on behalf of themselves and all others similar situated,

Plaintiffs-Appellants,

versus

BLOUNT PARRISH & COMPANY, INC.,
WILLIAM B. BLOUNT,
L. RUSHTON RICE,
C. DEREK PARRISH,
JAMES REYNOLDS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(April 23, 2008)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

Plaintiffs-Appellants M. Daniel Berman and Joseph A. Stanley, Jr. appeal the district court's order granting the motion to dismiss filed by Blount Parrish & Co., Inc. ("Blount Parrish"), BP Holdings, LLC and certain individual defendants in this action alleging violations of sections 12(a) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77l, 77o. The complaint was filed on March 14, 2003. In the complaint, the Plaintiffs asserted that Defendants had misrepresented or omitted material facts in an offering memorandum prepared by Blount Parrish in connection with the issuance of Solid Waste Revenue Bonds ("SWR Bonds") in 1998 by the Industrial Development Board for the City of Troy, Alabama. The district court dismissed the action as barred by the statute of limitations. We affirm.

We review the district court's order dismissal pursuant to Rule 12(b)(6) de novo review. See Harris v. IVAX Corp., 182 F.3d 799, 802 (11th Cir. 1999). We likewise review the district court's application of a statute of limitations de novo. Harrison v. Digital Health Plan, 183 F.3d 1235, 1238 (11th Cir. 1999).

In the complaint, Appellants alleged that they purchased the SWR Bonds in May 1998. They filed the complaint on March 14, 2003. The parties do not dispute that the three-year statute of limitations that previously controlled such claims, found

2

in section 13 of the Securities Act of 1933, 15 U.S.C. § 77m, had expired when the complaint was filed.[1] Appellants argue that the statute of limitations in Section 804(a) of the Sarbanes-Oxley Act of 2002 , Pub. L. No. 107-204, 116 Stat. 745, 801 (codified at 28 U.S.C. § 1658(b)), which took effect on July 30, 2002, <u>revived</u> their claims, thus rendering the complaint timely.

Section 804(b) of the Sarbanes-Oxley Act provides the following:

[A] private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of--

(1) 2 years after the discovery of the facts constituting the violation; or

(2) <u>5 years after such violation</u>.

28 U.S.C. § 1658(b) (emphasis added).  Appellants urge that because they filed their complaint within five years of the May 1998 bond purchase, the Sarbanes-Oxley Act's statute of limitations revived their previously expired securities claims.

This argument has been <u>soundly</u> rejected by every circuit court to have considered it.  <u>See, e.g.</u>, <u>In re Enter. Mortgage Acceptance Co., Sec. Litig.</u>, 391 F.3d

---

[1]That section provides that no claim under § 12(a) of the Securities Act of 1933 shall be maintained "unless brought within one year after the violation upon which it is based . . . . [and no] more than three years after the security was bona fide offered to the public, or under section 77l(a)(2) of this title [no] more than three years after the sale."  15 U.S.C. § 77m.

401, 406-07, 410 (2d Cir. 2004) (holding that 28 U.S.C. §1658(b) did not revive expired securities fraud claims because neither statute nor legislative history contained express retroactivity command, and resurrection of previously time-barred claim would have impermissible retroactive effect of stripping defendants of complete affirmative defense they previously possessed and may have reasonably relied upon); see also Margolies v. Deason 464 F.3d 547, 551 (5th Cir. 2006) (same); Lieberman v. Cambridge Partners, L.L.C., 432 F.3d 482, 492 (3d Cir. 2005) (holding that Sarbanes-Oxley does not revive expired securities claims); In re ADC Telecomm., Inc. Sec. Litig., 409 F.3d 974, 978 (8th Cir.2005) (same); Foss v. Bear, Stearns & Co., 394 F.3d 540, 542 (7th Cir. 2005) (same); Glaser v. Enzo Biochem, Inc., 126 F. App'x 593, 598 (4th Cir. 2005) (unpublished) (same).[2]

We now join our sister circuits and hold that the amended limitations period of Sarbanes-Oxley does not revive securities claims on which the previous statute of limitations had run. In the complaint, the Appellants alleged that they purchased the SWR Bonds in May 1998. Under the three-year limitations period of 15 U.S.C. §

---

[2]As the district court recognized, we had no occasion to address the retroactivity issue in our Tello decisions. See Tello v. Dean Witter Reynolds, Inc., 494 F.3d 956, 975 (11th Cir. 2007) (observing that because plaintiffs' claims were time-barred under old and new limitation periods, "the question of whether the [Sarbanes-Oxley Act] statute of limitations revives securities-fraud actions that were time-barred under the former statute of limitations is not presented in this case."); Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1294 n.19 (11th Cir. 2005) (interlocutory appeal addressing issue of whether plaintiffs had inquiry notice of claims against Dean Witter; declining to reach issue of retroactivity of Sarbanes-Oxley due to undeveloped record).

4

77m, their section 12(a) and section 15 claims expired no later than May 2001. Because all of the Appellants' claims had expired before the effective date of the Sarbanes-Oxley Act's new statute of limitations became effective on July 30, 2002, the district court did not err by dismissing the complaint pursuant to Rule 12(b)(6).

**AFFIRMED.**