[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 16, 2009
THOMAS K. KAHN
CLERK

No. 09-11657
Non-Argument Calendar

D. C. Docket No. 08-02491-CV-T-26MAP

DAVID BRISSON,
TERRI BARFIELD,
ROBERT ORMORD,
on behalf of themselves and all others
similarly situated,

Plaintiffs-Appellants,

versus

FORD MOTOR COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

(October 16, 2009)

Before DUBINA, Chief Judge, CARNES and WILSON, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's order granting defendant Ford Motor Company's ("Ford") motion to dismiss the amended class action complaint. The amended complaint sought monetary, declaratory, and injunctive relief for "extreme" and "severe" front end oscillation in Ford's F-250 and F-350 trucks, beginning with the 2005 models through the 2007 models. The two-count complaint was brought under the Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*, alleging breaches of express and implied warranties. Plaintiffs alleged that the law of Delaware should apply to the warranties; however, Ford asserted that Florida law should apply. The plaintiffs challenge the district court's application of Florida law and complain that the district court did not grant them an additional opportunity to amend their complaint.

This court reviews *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Berman v. Blount Parrish & Co., Inc.*, 525 F.3d 1057, 1058 (11th Cir. 2008). Even though we usually review only for abuse of discretion a district court's decision to deny leave to amend a complaint, *Jennings v. BIC Corp.*, 181 F.3d 1250, 1254 (11th Cir. 1999), when "the denial is based on a legal determination that amendment would be futile, we review the district court's decision *de novo*." *Gonzalez v. City*

*of Deerfield Beach*, 549 F.3d 1331, 1332-33 (11th Cir. 2008), *petition for cert. filed*, 77 U.S.L.W. 3635 (May 05, 2009) (No. 08-1379).

After reviewing the record and reading the parties' briefs, we first conclude that the district court properly applied federal procedural law and Florida substantive law in dismissing plaintiffs' amended complaint. The express warranty claim was properly dismissed because plaintiffs failed to allege that they ever presented their vehicles to a Ford dealership for repair or that the Ford dealership failed to make the repair. *See Ocana v. Ford Motor Co.*, 992 So. 2d 319, 324-25 (Fla. Dist. Ct. App. 2008). We also agree with the district court's ruling that plaintiffs' failure to allege that they experienced a defect within the warranty period of the three years or 36,000 miles is fatal. The district court properly dismissed the implied warranty claim because plaintiffs did not allege privity between themselves and Ford. Ford limited the implied warranty to the period of the express warranty, as expressly permitted by the MMWA, and plaintiffs failed to allege that a defect manifested itself or a breach occurred within that period.

Finally, we conclude that the district court erred in *sua sponte* disallowing plaintiffs' leave to file a second amended complaint. When it granted Ford's motion to dismiss the complaint in this case, the district court on its own, and

without allowing the plaintiffs an opportunity to be heard, decided not to allow them to file an amended complaint. The court said:

> Because counsel for Plaintiffs in this case were also counsel for plaintiff in the *Ocana [v. Ford Motor Co.*, 992 So. 2d 319 (Fla. 3d DCA 2008]* case, the Court can reasonably presume that prior to instituting this action on December 16, 2008, they were aware of the pleading requirements imposed by the *Ocana* court in October of 2008 on plaintiffs seeking to bring a cause of action in Florida under the MMWA for breach of an express warranty, that is, a plaintiff "must *allege* and prove that Ford refused or failed to adequately repair a covered item." 992 So. 2d at 324 (emphasis added). Despite counsel's awareness of these pleading requirements, they failed to comply with *Ocana* either in the original complaint or the amended complaint. Consequently, the Court will assume that Plaintiffs are unable to satisfy the pleading requirements of *Ocana* so that permitting them to file a second amended complaint would be an exercise in futility.

R:29 at 8 n.7. The problem with that reasoning is it overlooks the possibility that the plaintiffs mistakenly thought that the *Ocana* pleading requirement did not apply in the circumstances of this case.

That problem is underscored by the fact that the plaintiffs represent to us in their brief that if the *Ocana* requirements do apply in this case, "they can plead the specific type of vehicle they own, that the defects occurred within 3 years or 36,000 miles and that the Appellee failed to adequately repair the vehicles." Br. of Appellants at 41. They assert that they "did purchase the vehicles from authorized dealerships and the defects did occur within 3 years or 36,000 miles." *Id.* In other

4

words, the plaintiffs are ready, willing, and able to plead that they meet the *Ocana* requirements, something the district court assumed, without asking, that they could not do.

Of course, we have held that "[a] district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Amer. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (emphasis added). The *Wagner* rule would apply here if the district court had simply dismissed the complaint in this case without more, and the plaintiffs had not moved to amend. But that is not what happened. In the same order that dismissed the complaint, the district court told the plaintiffs not to bother even attempting to amend because the court was deciding in advance that they could not do so. *See* Reply Br. of Appellants at 42. We decline to hold against the plaintiffs their failure to defy the district court's order telling them, in effect, not to file a motion to amend.

Accordingly, we vacate that part of the district court's order, finding that any amendment would be futile, and remand this case with instructions that the district court give the plaintiffs an opportunity to amend their complaint to comply with the requirements of the *Ocana* decision.

**AFFIRMED in part, VACATED in part, and REMANDED.**