[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13098
Non-Argument Calendar

_____

D.C. Docket No. 4:14-cv-00188-RH-CAS


EARLEAN BOZEMAN,

Plaintiff-Appellant,

MILLIE B. MILLER,

Plaintiff,

versus

DAVID POOLE,
DANIEL POOLE,
STUART JOHNSON,
INA POOLE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 5, 2015)

Before WILLIAM PRYOR, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Earlean Bozeman appeals *pro se* the dismissal of her complaint about the violation of her civil rights by David, Daniel, and Ina Poole and by Stuart Johnson. *See* 42 U.S.C. §§ 1983, 1985. The district court dismissed Bozeman's complaint for failure to state a claim and as untimely. We affirm.

We review *de novo* the dismissal of a complaint for failure to state a claim and for being untimely. *See Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008); *Berman v. Blount Parrish & Co.*, 525 F.3d 1057, 1058 (11th Cir. 2008). We accept all allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Timson*, 518 F.3d at 872. "To survive a motion to dismiss, a complaint must contain sufficient factual matter" from which the district court can draw the reasonable inference "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

Bozeman failed to state a claim for which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). Bozeman alleged that she struck a vehicle after it braked suddenly and that the Pooles and Johnson orchestrated the accident to collect an unlawful debt from her. These allegations, even if true, fail to establish that the Pooles and Johnson, individually or collectively, deprived Bozeman of any right

2

under federal law. *See* 42 U.S.C. §§ 1983, 1985; *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Bozeman's complaint also fails to allege facts that could support a finding that the Pooles or Johnson were transformed into state actors either by performing a function "traditionally [within] the exclusive prerogative of the state," by acting with the encouragement of the state, or by serving in a close, interdependent relationship with the state. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003).

Bozeman's complaint is untimely too. Bozeman's federal claims, 42 U.S.C. § 1983, must be filed within the statute of limitation provided under Florida law, which is "within four years of the allegedly unconstitutional or otherwise illegal act." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). Bozeman alleged that the accident occurred in 2007, but she did not file her complaint until 2014, approximately three years after the statute of limitation expired.

We **AFFIRM** the dismissal of Bozeman's complaint.