[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15247
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-02868-TWT

UNITED CONSOLIDATED ACCOUNTING & BUSINESS SERVICES,

Plaintiff,

CHRISTOPHER OSAIGBOVO,

Plaintiff-Appellant,

versus

BANK OF AMERICA CORPORATION,
CHEX SYSTEM,
EARLY WARNING SERVICES LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 20, 2016)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Osaigbovo, the owner of United Consolidated Accounting & Business Services, appeals *pro se* the dismissal of his complaint against Bank of America Corporation and Early Warning Services LLC, and the denial of his motion to alter or amend that judgment. Osaigbovo does not contest the dismissal of his complaint against Chex System. The district court ruled that Osaigbovo's claims about the negligence of and defamation by the Bank and Early Warning Services were untimely and failed to state a claim. We affirm.

We review *de novo* the dismissal of a complaint for failure to state a claim and for being untimely. *See Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008); *Berman v. Blount Parrish & Co.*, 525 F.3d 1057, 1058 (11th Cir. 2008). We review the denial of a motion to alter or amend a judgment for abuse of discretion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)

Osaigbovo has abandoned any challenge that he could have made to the dismissal of his complaint of defamation. "[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Holland v. Gee*, 677 F.3d 1047, 1066 (11th Cir. 2012) (quoting *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004)). Osaigbovo does not dispute that he failed

timely to pursue his complaint that he was defamed when the Bank released information about the closure of his bank accounts to "reporting agencies." *See* Ga. Code § 9-3-33. We deem abandoned any argument that Osaigbovo could have made against the dismissal of his complaint of defamation.

Osaigbovo argues that the district court erred by dismissing his complaint of negligence as barred by the two-year statute of limitation, *see id.*, but Osaigbovo has waived this argument. Rule of Appellate Procedure 28(a) requires Osaigbovo to include in his brief his "contentions and reasons for them, with citations to the authorities and parts of the record on which [he] relies." *See* Fed. R. App. P. 28(a)(8)(A). Osaigbovo thrice states that his complaint of negligence had a "statute of limitation of four years," but he fails to explain why a longer limitations period applies to his cause of action. Osaigbovo also cites three provisions in the Georgia Code, but those provisions provide the periods of limitation for actions on an "open account," Ga. Code § 9-3-25, "for contracts express or implied not otherwise provided for," *id.* § 9-3-26, and "for the recovery of personal property," *id.* § 9-3-32.

Osaigbovo argues that he complained about the breach of an implied contract, collection of a debt, and conversion, but we disagree. Osaigbovo's complaint was devoid of facts from which "the [district] court [could] draw the reasonable inference that the [defendants] [were] liable for [such] misconduct." *See*

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That Osaigbovo titled a part of his complaint "Existence of a Special Relationship" was insufficient to state a cause of action against the Bank for breach of an implied contract. Osaigbovo alleged that the "net balances in ALL accounts closed was not returned," but that phrase failed to convey that the Bank had withheld funds unlawfully. And Osaigbovo failed to allege any facts related to the conversion of his property.

The district court did not abuse its discretion when it denied Osaigbovo's motion to alter or amend the judgment. To obtain relief under Federal Rule of Civil Procedure 59(e), a movant must identify "newly-discovered evidence [that supports his claim] or manifest errors of law or fact" in the judgment. *See Arthur*, 500 F.3d at 1343. Osaigbovo attached to his postjudgment motion copies of bank statements, several pieces of correspondence, and his affidavit, but those documents did not constitute newly-discovered evidence because they were available to him when he filed his complaint. *See id.* ("A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.").

We **AFFIRM** the dismissal of Osaigbovo's complaint.