[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12751
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-62542-BB


GIULIANO STEFANO GIOVANNI WILDHABER,

Plaintiff-Appellant,

versus

EFV,
EBK-EIDGENOSSISCHE BANKENKOMMISSION (FINMA),
ZKB BANK,
CREDIT SUISSE AG,
AARGAUISCHE KANTONALBANK,
APPENZELLER KANTONALBANK, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 10, 2018)

Before ED CARNES, Chief Judge, TJOFLAT, and JORDAN, Circuit Judges.

PER CURIAM:

Giuliano Wildhaber, a Swiss citizen proceeding pro se, appeals the district court's order granting the Swiss government's and twenty-six Swiss banks' motions to dismiss his complaint, which he filed under the Alien Tort Statute.

## I.

For present purposes we draw the facts from the complaint, accepting them as true and viewing them in the light most favorable to Wildhaber. Butler v. Sheriff of Palm Beach Cty., 685 F.3d 1261, 1263 n.2 (11th Cir. 2012). In December 1988 a referendum was held in Switzerland involving a proposal to restrict land speculation. Although seventy percent of Swiss voters rejected the proposal, in October 1989 the Swiss Federal Council adopted a decree discouraging land speculation by prohibiting the sale of real property within five years of its purchase. The decree caused Wildhaber and other Swiss property owners to suffer economic losses because their property decreased in value.

In November 2017 Wildhaber brought claims under the Alien Tort Statute (ATS) against two financial entities of the Swiss government and twenty-six Swiss banks for helping enact, or profiting from, the decree.[1] Those claims included,

---

[1] For ease of reference, we will collectively refer to these twenty-eight entities as the defendants unless context makes it necessary to refer to them individually. The two Swiss government entities are Eidgenössische Finanzverwaltung (EFV) and Eidgenössische

2

among others, violations of the Universal Declaration of Human Rights, the European Convention on Human Rights, the German Basic Law, and the Swiss Constitution. The Swiss government and the banks filed separate motions to dismiss Wildhaber's complaint under Federal Rule of Civil Procedure 12(b)(6). The district court issued an omnibus order granting the motions, finding that Wildhaber's claims were time-barred under the ATS' ten-year limitations period.

Wildhaber appeals that order. He has also filed what he refers to as an "omnibus motion" under the ATS that seeks, among other things, a declaration that Swiss citizens have "Supreme Political Power."

II.

Wildhaber contends that the district court erred in granting the defendants' motions to dismiss his complaint for failure to state a claim. In his brief, which we liberally construe because he is proceeding pro se, Wildhaber argues that his claims were not time-barred because the ATS does not have a statute of limitations. And even if it does, he argues that he was nevertheless entitled to equitable tolling.

---

Bankenkommission (FINMA). The twenty-six Swiss banks are Aargauische Kantonalbank, Appenzeller Kantonalbank, Banca dello Stato del Cantone Ticino, Banque Cantonale de Genève, Banque Cantonale de Fribourg, Banque Cantonale du Jura, Banque Cantonale du Valais, Banque Cantonale Neuchâteloise, Banque Cantonale Vaudoise, Basellandschaftliche Kantonalbank, Basler Kantonalbank, Berner Kantonalbank, Credit Suisse AG, Glarner Kantonalbank, Graubündner Kantonalbank, Luzerner Kantonalbank , Obwaldner Kantonalbank, Nidwaldner Kantonalbank, Schaffhauser Kantonalbank, Schwyzer Kantonalbank, St. Galler Kantonalbank, Thurgauer Kantonalbank, UBS AG, Urner Kantonalbank, Zuger Kantonalbank, and Zürcher Kantonalbank.

We review de novo a district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim for relief. Butler, 685 F.3d at 1265. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). We also review de novo a district court's application of a statute of limitations. Berman v. Blount Parrish & Co., Inc., 525 F.3d 1057, 1058 (11th Cir. 2008).

Wildhaber brought his claims under the ATS, which states that "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. Claims brought under the ATS are subject to a ten-year limitations period, which "can be equitably tolled" under "extraordinary circumstances." Cabello v. Fernandez-Larios, 402 F.3d 1148, 1153–54 (11th Cir. 2005).

The district court did not err in granting the defendants' motions to dismiss because Wildhaber failed to file his complaint within the ten-year limitations period. Wildhaber's claim arose in October 1989, when the Swiss Federal Council allegedly enacted the decree limiting land speculation. So Wildhaber had until October 1999 to file a timely complaint. But he filed his complaint in November 2017, more than eighteen years outside of the ATS' limitations period. All of his claims are time-barred.

4

We therefore **AFFIRM** the district court's grant of the defendants' motions to dismiss and **DENY** as moot Wildhaber's "omnibus motion."[2]

---

[2] We reject Wildhaber's argument that he was entitled to equitable tolling of the ATS' limitations period. Wildhaber waived that argument because he did not present it to the district court. See Juris v. Inamed Corp., 685 F.3d 1294, 1325 (11th Cir. 2012) ("[I]f a party hopes to preserve a claim, argument, theory, or defense on appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it.") (quotation marks omitted).

We also reject Wildhaber's argument that the district court abused its discretion by striking his second reply to the Swiss government's motion to dismiss. The district court correctly struck that reply because Wildhaber failed to comply with Southern District of Florida Local Rule 7.1(c), which required him to obtain the court's permission before filing that reply. See S.D. Fla. L.R. 7.1(c) (requiring "a party opposing a motion" to obtain "prior leave of Court" before filing a second "opposing memorandum of law"); Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) "([A]lthough we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules.") (quotation marks omitted).

5