[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12990

Non-Argument Calendar

_____

ISRAEL OTERO,
PURA RODRIGUEZ,

                                        Plaintiffs-Appellants,

*versus*

NEWREZ LLC,
d.b.a. Shellpoint Mortgage Servicing,
BANK OF NEW YORK MELLON,
TROMBERG MORRIS & POULIN PLLC,
ANDREA R. TROMBERG,
individually,
BOB P. LEBLANC,
Florida Ninth Judicial Circuit Court Judge, et al.,

2                    Opinion of the Court                    21-12990

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-00118-PGB-DCI

————————————

Before ROSENBAUM, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Israel Otero and Pura Rodriguez, proceeding *pro se*, appeal the dismissal of their amended complaint brought under Florida law, 42 U.S.C. § 1983, and the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq*. They contend the statute of limitations does not bar their fraud claim, and regardless, their claim qualifies for an exception under the continuing violation doctrine. They assert the district court erred by applying an incorrect test when dismissing their claims under the *Rooker-Feldman*[1] doctrine, and the district court's order exceeds the doctrine's scope. They also urge us not to consider Appellees' alternative grounds for affirming the

---

1 *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C.Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

dismissal of their complaint. After review,[2] we vacate and remand to the district court.

## I. FRAUD CLAIMS

An action for fraud must be brought within four years under Florida law. Fla. Stat. § 95.11(3)(j). The clock on the statute of limitations for a fraud claim begins to run when "the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.031(2)(a).

The amended complaint makes clear that, in 2014, Appellants knew of the alleged fraud concerning Rodriguez's absence at a hearing and were aware that Bank of New York Mellon was named trustee in the state foreclosure action. *See United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021) (explaining a district court may dismiss a complaint under Rule 12(b)(6) as time-barred only if it is apparent from the face of the complaint the applicable statute of limitations bars the claim). Thus, in 2014, Appellants should have uncovered with due diligence the proper identity of their creditor. *See* Fla. Stat. § 95.031(2)(a). Appellants' fraud claim, filed in 2021, is time barred.

---

[2] We review dismissals under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Berman v. Blount Parrish & Co.*, 525 F.3d 1057, 1058 (11th Cir. 2008). Likewise, we review the district court's application of a statute of limitations *de novo*. *Id*. We review *de novo* a district court's conclusion it lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Behr v. Campbell*, 8 F.4th 1206, 1209 (11th Cir. 2021).

*See* Fla. Stat. § 95.11(3)(j).  The continuing violation doctrine is inapplicable because Appellants allege continuing harm resulting from discrete one-time acts—Appellees' conduct during state-court proceedings and attempts to collect debt—rather than acts that are currently ongoing.  *See McGroarty v. Swearingen*, 977 F.3d 1302, 1306-08 (11th Cir. 2020) (rejecting an appellant's argument that the dissemination of his personal information on a public website constituted a continuous injury such that it fell within the continuing violation doctrine and reasoning "[t]he initial publication of McGroarty's information online was a one time act, even though McGroarty [was] experiencing present consequences of that action" (quotation marks omitted)).

However, the district court erred by dismissing the entire amended complaint without prejudice, as dismissals based on the statute of limitations are decisions on the merits that are with prejudice.  *See Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972) ("A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes."); *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990) ("The phrases 'with prejudice' and 'on the merits' are synonymous terms.").  Accordingly, we vacate and remand on this issue for the district court to dismiss Appellants' fraud claim with prejudice.

## II.  ROOKER-FELDMAN

The *Rooker-Feldman* doctrine "is intended to prevent the federal courts from hearing what are essentially appeals from state court decisions, which may only be heard by the United States

Supreme Court." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018). This doctrine applies narrowly, and it bars state-court litigants from coming to federal courts to complain "'of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Behr v. Campbell*, 8 F.4th 1206, 1209-10 (11th Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Dismissal is proper only if the state-court loser complains of injuries "caused by the judgment itself" and directly attacks that judgment; independent claims—even if they deny a legal conclusion reached by the state court—are permitted. *Id.* at 1212. District courts should take a claim-by-claim approach and consider the type of relief sought because (1) the doctrine bars only claims inviting a district court's review and rejection of a state court judgment, and (2) claims for damages resulting from constitutional violations of third parties are permitted. *Id.* at 1213-14.

In *Behr*, we sought to clarify prior precedent[3] applying the *Rooker-Feldman* doctrine. *See Behr*, 8 F.4th at 1209-12.

---

[3] Prior to *Exxon Mobil*, we established the following four-prong test for the *Rooker-Feldman* doctrine: whether (1) the parties to the federal action were the same as the state action; (2) the prior state-court ruling was a final judgment on the merits; (3) the federal plaintiff had a reasonable opportunity to raise its federal claims in the state court; and (4) the issue before the federal court was adjudicated in state court or inextricably intertwined with the state court's judgment. *Amos v. Glynn Cnty. Bd. of Tax Assessors*, 347 F.3d 1249,

Specifically, we explained our prior caselaw overcomplicated the analysis when describing claims as "inextricably intertwined," and we admonished courts for using the doctrine as "a broad means of dismissing all claims related in one way or another to state court litigation." *Id.* at 1211-12. We clarified that "considering whether a claim is 'inextricably intertwined' . . . is merely a way of ensuring that courts do not exercise jurisdiction over the appeal of a state court judgment simply because the claimant does not call it an appeal of a state court judgment." *Id.*

The district court erred by applying an abrogated test to dismiss Appellants' complaint under *Rooker-Feldman*. The district court also failed to (1) apply *Rooker-Feldman* on a claim-by-claim basis and (2) consider the requested relief, as required under *Behr*, and instead applied the expansive view of the doctrine that we have rejected. None of the Appellants' claims fall within the *Rooker-Feldman* doctrine because they sought damages for issues collateral to the final judgment of foreclosure, not relief from the judgment itself. *See Behr*, 8 F.4th at 1214. Appellants' alleged injuries resulted from third-party conduct during and after the state foreclosure action, which fall outside the doctrine. *See id.* at 1213-14. Appellants claimed there was fraud committed during state court proceedings, they suffered intentional infliction of emotional distress because of this fraudulent conduct, they were deprived of

1265 n.11 (11th Cir. 2003). *Id.* We have since abandoned the *Amos* test. *Behr*, 8 F.4th at 1210.

due process and access to the courts during these proceedings, and Appellees improperly attempted to collect debt from them. None of Appellants' claims alleged a loss of property rights, nor did they seek to restore any of those rights. Instead, Appellants sought money for their alleged procedural and emotional injuries and a declaration that state judges violated their rights. Thus, Appellants did not bring an appeal of the foreclosure judgment by another name. *See id.* at 1212. Accordingly, we vacate and remand on this issue for the district court to conform its application of the *Rooker-Feldman* doctrine to *Behr*.

### III. COLLATERAL ESTOPPEL AND RES JUDICATA

We decline to review the alternative grounds for affirmance not addressed by the district court. *See Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1172 (11th Cir. 2014) ("[W]e are generally limited to reviewing arguments and issues that have been raised and decided in the district court," and we will "analyze only the grounds for dismissal which the district court found dispositive."). Most of the issues identified by Appellees hinge on what Appellants argued in their state court filings, not questions of law, and most of these documents are not part of the record on appeal, so the resolution is not beyond any doubt.[4] *See Baumann v. Savers Fed. Sav.*

---

4 Although we may take judicial notice of the documents filed in Appellants' state court proceedings, *see United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994), we decline Appellees' invitation to affirm based on documents not part of the record on appeal, *see Kernel Recs. Oy v. Mosley*, 694 F.3d 1294,

*& Loan Ass'n*, 934 F.2d 1506, 1512 (11th Cir. 1991) (providing we may entertain issues not decided by a district court when (1) the issue is a pure question of law, and not considering it would result in a miscarriage of justice; (2) the appellant challenges an order that he could not challenge below; (3) substantial justice is at stake; (4) proper resolution is beyond any doubt; and (5) the issue presents significant questions of general impact or great public concern).   Accordingly, we do not reach Appellees' remaining arguments and instruct the district court to do so on remand.

**VACATED AND REMANDED**.

---

1309 (11th Cir. 2012) (explaining that we may affirm "on any ground *supported by the record*" (emphasis added)).