[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14187

Non-Argument Calendar

_____

SOHAIL N. BUTT,

Plaintiff-Appellant,

versus

EXECUTIVE DIRECTOR JOHN BRIGHAM ZIMMERMAN,
Georgia Composite Board of Professional Counselors, Social
Workers and Marriage and Family Therapists, in his official
and individual capacities,
TOMMY BLACK,
in his individual and official capacity as a board member of Georgia
Composite Board of Professional Counselors, Social Workers and
Marriage & Family Counselors,
ARTHUR WILLIAMS,
in his individual and official capacity as a board member of Georgia

2                    Opinion of the Court                    21-14187

Composite Board of Professional Counselors, Social Workers and
Marriage & Family Counselors,

TONYA BARBEE,

in her individual and official capacity as a board member of Georgia
Composite Board of Professional Counselors, Social Workers and
Marriage & Family Counselors,

RICHARD LONG,

in his individual and official capacity as a board member of Georgia
Composite Board of Professional Counselors, Social Workers
and Marriage & Family Counselors, et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cv-00214-TES

_____

Before WILSON, JORDAN, and BLACK, Circuit Judges.

PER CURIAM:

Sohail Butt, proceeding *pro se*, appeals the district court's
dismissal of his complaint alleging civil rights violations under 42
U.S.C. §§ 1981, 1983, and 1985 on statute of limitations grounds.

Butt also appeals the district court's dismissal of his petition for a writ of mandamus.  After review,[1] we affirm.

## I.  STATUTE OF LIMITATIONS

Butt contends the district court erred in dismissing his 42 U.S.C. §§ 1981, 1983, and 1985 claims as time-barred under the two-year Georgia statute of limitations for personal injury, O.C.G.A. § 9-3-33.  He asserts a 20-year statute of limitations applies to his civil rights claims under O.C.G.A. § 9-3-22 because it applies to "actions for the enforcement of rights accruing to individuals under statutes or acts of incorporation or by operation of law."  Butt also contends that even if the two-year statute of limitations applies, the statute of limitations has not yet commenced because Zimmerman and the Board never issued a final agency decision in Butt's appeal of the denial of his application for licensure as a marriage and family therapist.

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).  In Georgia, the applicable statute of limitations for personal injury

---

[1] We review *de novo* the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Berman v. Blount Parrish & Co.*, 525 F.3d 1057, 1058 (11th Cir. 2008).  We also review the district court's application of a statute of limitations *de novo. Id.* We review a district court's determination of whether it had mandamus jurisdiction under 28 U.S.C. § 1361 *de novo. Cash v. Barnhart*, 327 F.3d 1252, 1255 n.4 (11th Cir. 2003).

actions is two years. O.C.G.A. § 9-3-33; *see also Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). Additionally, claims under §§ 1981 and 1985 are subject to the same statute of limitations period as § 1983 claims. *See Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337 (11th Cir. 2008); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996).

Pursuant to federal law, a cause of action accrues, and thereby sets the limitations clock running, when "the facts which would support a cause of action are apparent or should be apparent" to a reasonably prudent person. *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (quotation marks omitted). "This rule requires a court first to identify the alleged injuries, and then to determine when plaintiffs could have sued for them." *Rozar*, 85 F.3d at 562. Under the continuing violation doctrine, a plaintiff will not be time-barred if he complains of a violation that continues into the present but will be barred for complaining of a one-time violation with continuing consequences. *Lovett*, 327 F.3d at 1183.

Butt's federal civil rights claims were untimely because they were filed after the two-year limitations period for § 1983 claims in Georgia expired. The statute of limitations for Butt's § 1983 claims began running either on August 14, 2014, when Butt received a letter from the Board stating he was denied his licensure by endorsement, or at the very latest, on October 6, 2014, when Butt sat for the National Clinical Mental Health Counseling examination to obtain a license to practice. These events served as facts apparent to Butt that a cause of action against the Board for

the failure to issue licensure was available.  Butt did not file his claims arising from the Board's denial of his licensure until June 28, 2021—nearly seven years after Butt learned of the facts giving rise to his injuries.  Furthermore, the continuing violation doctrine is inapplicable because his appeal points to a single violation—the Board's failure to issue a license—with ongoing consequences.  As such, Butt's federal civil rights claims are time-barred.

## II.  WRIT OF MANDAMUS

Next, Butt asserts that regardless of the applicable statute of limitations, his claims are not barred because the interference with his property rights in employment are ongoing.  Butt contends a writ of mandamus is appropriate because the claim arises from the same transaction or occurrence as his federal civil rights claims.

"Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (quotation marks and alteration omitted).  A district court has jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  However, federal courts lack jurisdiction to issue writs of mandamus to direct state officials in performing their state duties.

6                    Opinion of the Court                    21-14187

*See Moye v. Clerk, DeKalb Cnty. Super. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973).[2]

Butt failed to demonstrate a clear right to the mandamus relief requested. All defendants are members of the Board—a state entity; therefore, all defendants are state actors. As federal courts lack jurisdictional authority to issue writs of mandamus directing state officials in the performance of their duties, the district court did not err in dismissing Butt's motion for a writ of mandamus.

**AFFIRMED.**

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.