[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10622

Non-Argument Calendar

_____

ISRAEL OTERO,
PURA RODRIGUEZ,

                                                    Plaintiffs-Appellants,

*versus*

NEWREZ, LLC,
d.b.a. Shellpoint Mortgage Servicing,
BANK OF NEW YORK MELLON,
TROMBERG MORRIS & POULIN PLLC,
ANDREA R. TROMBERG,
Individually,
BOB LEBLANC,
Florida Ninth Judicial Circuit Court Judge, et al.,

2              Opinion of the Court           23-10622

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-00118-PGB-DCI

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Following our decision in *Otero I*,[1] Israel Otero and Pura Rodriguez appeal *pro se* the dismissal with prejudice of their amended complaint brought under Florida law, 42 U.S.C. § 1983, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Otero and Rodriguez bring several issues on appeal, which we address in turn. After review, we affirm the district court.

I.

First, Otero and Rodriguez assert the district court erred because its order was silent about exhibits attached to their complaint. "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may

---

[1] *Otero, et al. v. NewRez, LLC, et al.*, No. 21-12990 (11th Cir. Aug. 8, 2022).

take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

The district court did not err in dismissing Otero and Rodriguez's amended complaint by failing to discuss in its order the exhibits attached to it. *See Berman v. Blount Parrish & Co.*, 525 F.3d 1057, 1058 (11th Cir. 2008) (reviewing *de novo* a dismissal under Federal Rule of Civil Procedure 12(b)(6)). A careful review of the court's order reveals that it considered each of their claims in relation to the underlying factual allegations they relied on in support of those claims. Although the district court's order did not include an explicit discussion of the exhibits to the amended complaint, the court appropriately based its reason for dismissal on facts that were readily apparent on the face of the complaint. Moreover, the court recognized that exhibits to the complaint could be utilized in considering a motion to dismiss under Federal Rule of Civil Procedure 10(c), which suggests that, even though the court may not have explicitly discussed the exhibits to the amended complaint, it knew it could consider, and did consider, the exhibits in reaching its decision. *See Tellabs, Inc.*, 551 U.S. at 322. Accordingly, we affirm as to this issue.

## II.

Second, Otero and Rodriguez argue the district court erred because it concluded their fraud claim was time-barred. "Under the law of the case doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal."

*This That & the Other Gift & Tobacco, Inc. v. Cobb Cnty.*, 439 F.3d 1275, 1283 (11th Cir. 2006) (quotation marks omitted). The law-of-the-case doctrine generally prohibits a lower court from considering on remand an issue that a higher court has decided in the same case. *Cambridge Univ. Press v. Albert*, 906 F.3d 1290, 1299 (11th Cir. 2018). Furthermore, the law-of-the-case doctrine bars re-litigation of issues decided either explicitly or by necessary implication in a prior appeal. *This That & the Other Gift & Tobacco, Inc.*, 439 F.3d at 1283. The mandate rule, a specific application of the law-of-the-case doctrine, binds a lower court to execute the mandate of the higher court without examination or variance. *Albert*, 906 F.3d at 1299. A court "may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate." *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985). The law-of-the-case doctrine and the mandate rule do not extend to issues the appellate court did not address. *Id.* at 1120.

The law-of-the-case doctrine bars relitigation of Otero and Rodriguez's fraud claim. *See Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1405 (11th Cir. 2009) (stating we review *de novo* application of the law-of-the-case doctrine). In *Otero I*, Otero and Rodriguez argued the fraud they complained of was fraud on the court, which they seek to relitigate here. However, this Court, in *Otero I*, held their fraud claim was time-barred, and this Court directed the district court to dismiss the fraud claims with prejudice, which it did. To reach its decision, this Court would have had to consider Otero and Rodriguez's claim of fraud on the court. *See*

*This That & the Other Gift & Tobacco, Inc.*, 439 F.3d at 1283.  Accordingly, Otero and Rodriguez are precluded from relitigating that issue again, because this Court has already decided it.  *See id.*  To the extent the district court followed this Court's instruction and dismissed the fraud claim as time-barred, it did not err.  *See Piambino*, 757 F.2d at 1119.  Accordingly, we affirm as to this issue.

### III.

Third, Otero and Rodriguez contend the district court erred because it concluded their FDCPA claim was time-barred.  A district court may dismiss a complaint under Rule 12(b)(6) as time-barred only if it is apparent from the face of the complaint that the applicable statute of limitations bars the claim.  *United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021).  The complaint's factual allegations are accepted as true and construed in the light most favorable to the plaintiff.  *Id.*

Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  A false representation on "the character, amount, or legal status of any debt" violates the FDCPA.  *Id.* § 1692e(2)(A).  An action to enforce the FDCPA must be brought "within one year from the date on which the violation occurs."  *Id.* § 1692k(d).

The district court did not err in dismissing the amended complaint because Otero and Rodriguez's FDCPA claim is time-barred.  *See Berman*, 525 F.3d at 1058 (stating we review *de novo* the district court's application of a statute of limitations).  In

6                    Opinion of the Court                    23-10622

support of their FDCPA claim, they rely on paragraphs 24 through 33 of their amended complaint. A careful review of these paragraphs reveals the latest date on which an alleged FDCPA violation occurred was January 21, 2016, when Otero and Rodriguez received notification their mortgage was in default. Because a one-year statute of limitations applies to claims that allege a violation of FDCPA, Otero and Rodriguez would have had to pursue their claims in 2017. *See* 15 U.S.C. § 1692k(d). However, they did not commence this action until 2021. Because it was apparent from the face of the complaint that Otero and Rodriguez's FDCPA claim was time-barred, the district court did not err in dismissing the complaint as to this claim. *Henco Holding Corp.*, 985 F.3d at 1296. Accordingly, we affirm as to this issue.[2]

IV.

Fourth, Otero and Rodriguez assert the district court erred because the seven Florida judges named as defendants were not entitled to judicial immunity.[3] Judges enjoy absolute judicial

_____

[2] To the extent Otero and Rodriguez argue on appeal that violations of the FDCPA are ongoing, they do not allege so in their amended complaint. Also, because this argument is raised for the first time on appeal, we do not consider it. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331-32 (11th Cir. 2004) (stating generally, we will not consider issues not raised in the district court and raised for the first time on appeal absent extraordinary circumstances).

[3] Otero and Rodriguez do not challenge the district court's finding that the claims against the seven Florida judges were also barred because they had qualified immunity. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to

immunity when they act in their judicial capacity as long as they do not act "in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quotation marks omitted). Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Absolute immunity also applies to claims made in an individual capacity. *See Stevens v. Osuna*, 877 F.3d 1293, 1300-01, 1304-08 (11th Cir. 2017) (stating the plaintiff's claims were against the judge in his individual capacity and applying absolute immunity). Absolute immunity is not reserved only for Article III judges and is not based on rank or title, but flows from the "nature of the responsibilities of the individual official." *Id.* at 1301-02 (quotation marks omitted). Accordingly, absolute immunity extends to state court judges. *Id.* at 1302.

Whether a judge's actions were made while acting in his or her judicial capacity depends on whether: "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley*, 437 F.3d at 1070.

The district court did not err in dismissing the amended complaint as to the seven Florida judges because each of them have judicial immunity. *See Stevens*, 877 F.3d at 1301 (stating we review

have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

*de novo* whether an official is entitled to absolute immunity).  To the extent Otero and Rodriguez argue their claims are against the Judicial Defendants in their individual capacities, judicial immunity still applies.  *See id*. at 1304-08.  To the extent they also assert the Judicial Defendants acted in excess of their jurisdiction because there was no proper plaintiff in the Foreclosure Action, judicial immunity still applies.  *See Bolin*, 225 F.3d at 1239.  In all instances, these judges were performing acts constituting normal judicial functions, ruling on matters pending before them, in response to motions or appeals, in either a hearing, written order, or opinion. *See Sibley*, 437 F.3d at 1070.  Therefore, they are entitled to absolute judicial immunity.  *See id*.  Accordingly, we affirm as to this issue.[4]

## V.

Fifth, Otero and Rodriguez contend the district court erred because their intentional infliction of emotional distress (IIED) claim was not time-barred.  An action for IIED must be brought within four years under Florida law.  Fla. Stat. § 95.11(3)(o).  Florida applies the discovery principle, under which "the statute of limitations begins to run when a person has been put on notice of his right to a cause of action." *Jones v. Childers*, 18 F.3d 899, 906 (11th Cir. 1994).  The clock on the statute of limitations for an IIED claim begins to run "from the time the cause of action accrues."  Fla. Stat.

---

[4] Because we affirm that the seven Florida judges enjoy judicial immunity, we do not reach Otero and Rodriguez's argument regarding whether they also enjoyed sovereign immunity.

§ 95.031. "A cause of action accrues when the last element constituting the cause of action occurs." *Id.* § 95.031(1).

"The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period." *McGroarty v. Swearingen*, 977 F.3d 1302, 1307 (11th Cir. 2020) (quotation marks omitted). We "distinguish[] between the present consequence of a one time violation, which does not extend the limitations period, and the continuation of that violation into the present, which does." *Id.* (quotation marks omitted). In *McGroarty*, we rejected an appellant's argument that the dissemination of his personal information on a public website constituted a continuous injury such that it fell within the continuing violation doctrine. *Id.* at 1306-08. We reasoned "[t]he initial publication of McGroarty's information online was a one time act, even though McGroarty [was] experiencing present consequences of that action." *Id.* at 1308 (quotation marks omitted). We also concluded it was "certain" McGroarty was aware of his alleged injury in 2012, but he did not sue until 2018, outside the applicable four-year statute of limitations under Florida law. *Id.* at 1307-08. Thus, this Court also refused to apply the exception because McGroarty could have avoided the problem by filing within the statute of limitations. *Id.* at 1308.

The district court did not err in dismissing the amended complaint because Otero and Rodriguez's IIED claim is time-barred. The Final Foreclosure Judgment was entered on September 10, 2014. Every subsequent motion and appeal following

the Final Foreclosure Judgment was initiated by Otero and Rodriguez, and based on the contention that Andrea Tromberg and Tromberg Morris & Poulin PLLC, and NewRez LLC d/b/a Shellpoint Mortgage Servicing and Bank of New York Mellon fraudulently obtained a foreclosure judgment.  Thus, the statute of limitations began when the cause of action accrued on September 10, 2014.[5]  Fla. Stat. §§ 95.031, 95.031(1),  Accordingly, because an action on an IIED claim must be commenced within four years of when the cause of action accrued under Florida law, by the time Otero and Rodriguez filed this case in 2021, their IIED claim was time-barred.

To the extent Otero and Rodriguez raise a continuing violation argument in their reply brief, they have abandoned this argument for failure to raise it in their initial brief.  *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*), *cert. denied*, 143 S. Ct. 95 (2022) (stating, generally, issues not raised in an initial brief are considered abandoned and will not be addressed absent extraordinary circumstances).  Even construing their initial brief liberally, their IIED claim still fails because the continuing violation doctrine is inapplicable.  Obtaining a fraudulent judgment was a one-time act, even though they contend they are still experiencing present consequences.  *See McGroarty*, 977 F.3d at 1307.  As a result,

---

[5] To the extent the district court's order recognized a delayed discovery exception, that doctrine is inapplicable to IIED claims.  *See Davis v. Monahan*, 832 So. 2d 708, 709-10 (Fla. 2002) (explaining Florida's delayed discovery doctrine applies only to cases involving fraud, products liability, professional malpractice, medical malpractice, or intentional torts based on abuse).

23-10622              Opinion of the Court                11

the continuing violation doctrine is inapplicable. *See id.* at 1306-08. Further, because all of Otero and Rodriguez's claims are barred, we do not reach whether Florida's litigation privilege shields attorney Andrea Tromberg and her firm, Tromberg, Morris & Poulin, PLLC with absolute immunity. Accordingly, we affirm.

**AFFIRMED.**